IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TRIP MATE, INC., formerly known as Trip Mate Agency, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-0793-CV-W-ODS |
| STONEBRIDGE CASUALTY INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss for Failure to State a Claim. The motion (Doc. # 27) is denied because the issues raised are not suitable for disposition as a matter of law.

According to the Amended Complaint, Plaintiff is in the business of providing travel insurance policies to travel organizations (such as travel agencies). Defendants are insurance companies that provide travel insurance. In March 2004, Plaintiff and Defendants entered a Managing General Agent Agreement ("Managing Agreement") that, among other things, empowered Plaintiff "to market, underwrite, and service the travel insurance policies" on Defendants' behalf.

While the Managing Agreement was in effect it "utilized a rate modification tool whereby a travel organizations' premium rate was adjusted based on the claims experience for a given premium year." This "rate modification tool" was allegedly employed with Defendants' knowledge and approval and has been described as a form of profit sharing, whereby a portion of the premiums collected were paid back to the travel organizations, based on the amount of claims that were made. The terms of such "rate modifications" were set forth in agreements between Plaintiff and the travel organizations.

In September 2007, Plaintiff entered a Travel Organization Agreement with Avanti Destinations (who is not a party to this suit). Under this agreement, Avanti was permitted to make insurance available to its customers. Avanti was to collect the premiums from its customers and remit them to Plaintiff. The agreement also contains the following provision: "PROFIT SHARING - For each Premium Year [Avanti] will be entitled to compensation of 100% of the profits when the "Underwriting Loss Ratio" is less than 61%" subject to certain conditions that are not relevant here.

Plaintiff's agreement with Avanti is alleged to be typical of its agreement with other travel organizations. Consistent with its past practices, Plaintiff paid Avanti out of the trust account holding the customers' remittances. Plaintiff alleges this action was taken pursuant to the authority authorized by Article C, section 4 of the Managing Agreement, which permitted Plaintiff to "make disbursements from the Premium Trust Account on behalf of [Defendant] to pay: (a) amounts necessary to make refund of premiums to persons entitled to them; . . . ."

In November 2009, the parties entered a Termination Agreement that – as the name suggests – terminated the Managing Agreement effective December 31, 2009. Three portions of the Managing Agreement survived: Articles C, D, and E. However, with the Managing Agreement's termination, "Plaintiff no longer maintained sufficient bank account balances on behalf of the Defendants from which the profit sharing monies due the travel operators could be paid by Plaintiff." Amended Complaint, ¶ 20. On or about July 12, 2010, Plaintiff advised Defendants of the travel organizations that had profit sharing provisions in their contracts; at the time, only three (including Avanti) qualified for payments. Plaintiff paid $100,000 toward the amount owed Avanti, and asked Defendants to (1) pay the balance owed to the three organizations and (2) reimburse Plaintiff for the $100,000 it had paid. Defendants declined, leading to this suit. Plaintiff asserts claims for breach of contract and unjust enrichment.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). In this case, Plaintiff has attached copies of the Managing Agreement, Termination Agreement, and the agreement with Avanti to its Amended Complaint. Defendants rely on these documents to contend Plaintiff has failed to state a claim for which relief can be granted.

  Defendants contend the Travel Authorization Agreement with Avanti is between Plaintiff and Avanti, so they have no obligations under it. However, Plaintiff alleges it entered the contract with Avanti as Defendants' agent, making them liable to Avanti. Amended Complaint, ¶ 17. Plaintiff also alleges the payment to Avanti – like similar payments to other travel organizations – was to be made out of the premiums. Amended Complaint, ¶ 19. Thus, Plaintiff has effectively alleged the obligation to pay Avanti ultimately fell upon Defendants.

  Defendants also contend their obligation to pay travel organizations (if, indeed, it was their obligation) ended with the execution of the Termination Agreement. They point to (1) Plaintiff's allegation that the Travel Authorization Agreement was executed pursuant to Article B of the Managing Agreement and (2) the fact that Article B did not survive the Managing Agreement. However, what Plaintiff has actually alleged is that execution of the Travel Authorization Agreement was executed under Article B *before* the Termination Agreement existed, but that payment of the obligation under the Travel Authorization Agreement is governed by Article C – which survived the termination.

  Finally, Defendants contend Article C, section 4 has no bearing on this dispute because the "rate modification tool" was not a "refund of premiums," but was a form of

3

"profit sharing" that was actually a form of "compensation." This distinction is important because Article C, section 5 dictates "compensation" for "agents, brokers or producers" are to be paid by Plaintiff. Consistent with its theory, Plaintiff insists that these payments to travel organizations were (1) understood by the parties and (2) treated in practice as a "refund of premiums." In short, Plaintiff contends the payment owed Avanti is a refund of premium (governed by section 4, which places the burden to pay on Defendants), while Defendants contend the payment is profit sharing (governed by section 5, which places the burden to pay on Plaintiff). The Managing Agreement does not conclusively resolve this difference of opinion. Conceptually, premiums can be refunded as a means of sharing profits, making it unclear which provision governs. The Managing Agreement does not provide a definitive answer, so the issue becomes factual. Defendants are free to re-assert their argument on summary judgment if they deem it appropriate to do so.

IT IS SO ORDERED.

DATE: March 1, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT