IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TRIP MATE, INC., formerly known as Trip Mate Agency, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 10-0793-CV-W-ODS ) |
| STONEBRIDGE CASUALTY INSURANCE COMPANY, et al., | ) ) ) |
| Defendants. | ) ) |
| UNIQUE VACATIONS, INC., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 11-1097-CV-W-ODS ) |
| TRIP MATE, INC., formerly known as Trip Mate Agency, Inc., and STONEBRIDGE CASUALTY COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) |

ORDER AND OPINION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This action represents the consolidation of two lawsuits. In the first, Trip Mate generally alleges (1) it executed certain travel insurance contracts as the General Managing Agent for, and on behalf of, Stonebridge Casualty Company, (2) pursuant to those contracts, the travel agencies were entitled to a refund of premium or profit sharing if certain conditions were met, (3) that Stonebridge was obligated to make those refunds or share those profits, and (4) Stonebridge has declined to do so. In the second lawsuit, one of those travel agencies – Unique Vacations – has sued both Trip Mate and Stonebridge, alleging it is owed refunds/shares of profits. Pending is Unique Vacations' Motion for Partial Summary Judgement, which seeks judgment against Trip Mate. The motion (Doc. # 98) is denied.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Court is not persuaded that the uncontroverted facts demonstrate Trip Mate is liable on the contracts. In making its arguments, Unique Vacations has admitted Trip Mate was an agent for Stonebridge, see Statement of Material Facts ¶ 5, but insists Trip Mate is liable because it entered the contract in its own capacity. This does not make sense; more importantly, it is not clear from the Record that Trip Mate bound itself as a joint obligor on the contract with Unique Vacations. Finally, the Record is silent as to what Unique Vacations understood and expected when it entered the contract. From the Record, and based on the facts averred by Unique Vacations, it seems just as likely that Unique Vacations understood that it was contracting with Stonebridge and fully expected the financial obligations to be borne by the insurance company and not the insurance agent. Where the agent "Signs the agreement without indicating that this signature is only given as an agent, the question of his personal liability is one for the trier of fact." Mays v. Hodges, 271 S.W.3d 607, 611 (Mo. Ct. App. 2008) (quotation

omitted). In such a situation, "the other party has made a prima facie case for the agent's personal liability, and the agent bears the burden of proving both disclosure of the principal and the intention of the parties not to impose personal liability on the agent." Moore v. Seabaugh, 684 S.W.2d 492, 495 (Mo. Ct. App. 1984); see also Benson Optical Co. v. Gloerchinger, 810 S.W.2d 531, 535 (Mo. Ct. App. 1991). Given that this is a summary judgment motion (where Unique Vacations bears the burden) and the Court is not the finder of fact, given what the Record reveals, and given the information that is not contained in the Record, the Court is unable to conclude that the uncontroverted facts demonstrate Trip Mate is liable on the contract. Accordingly, the Motion for Summary Judgment is denied.

IT IS SO ORDERED.

DATE: July 6, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT