IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TRIP MATE, INC., formerly known as Trip Mate Agency, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-0793-CV-W-ODS |
| STONEBRIDGE CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| UNIQUE VACATIONS, INC., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 11-1097-CV-W-ODS |
| TRIP MATE, INC., formerly known as Trip Mate Agency, Inc., and STONEBRIDGE CASUALTY COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER AND OPINION (1) GRANTING UNIQUE VACATIONS' BILL OF COSTS AND (2) GRANTING IN PART TRIP MATE'S BILL OF COSTS

Following a bench trial, separate Bills of Costs have been filed by Unique Vacations ("Unique") and Trip Mate. Unique's Bill of Costs is granted, and Trip Mate's Bill of Costs is granted in part.

Unique Vacations' Bill of Costs seeks reimbursement for $5,637.14. Unique prevailed on its claim against Trip Mate, but not on its claim against Stonebridge. Trip Mate did not object to Unique's Bill of Costs. Stonebridge has filed objections, even though it prevailed. Assuming Stonebridge has standing to object,[1] the Court overrules

---

[1]Stonebridge may have objected because it believes its liability to Trip Mate could make it responsible for the costs Trip Mate has to pay to Unique. The Court's preliminary thought is that this is not the case: while the Court found Trip Mate was liable to Unique

Stonebridge's objections on the merits and grants Unique's Bill of Costs. The most substantive of these objections relates to the charge for scanning. While the Eighth Circuit has not specifically addressed how section 1920(4) relates to electronically stored information ("ESI"), see Little Rock Cardiology Clinic P.A. v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009), the undersigned has recently found a decision from the Third Circuit to be persuasive and held that scanning documents and converting computer data into readable format constitute copying within the meaning of section 1920(4). See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 166 (3d Cir. 2012). The Court finds the amounts sought by Unique are reasonable, and grants its Bill of Costs in the amount of $5,637.74. These costs are taxed against Trip Mate, but not against Stonebridge.

Trip Mate's Bill of Costs seeks reimbursement for $8,020.35. In the face of Stonebridge's objections, Trip Mate concedes that $956.55 should be subtracted. Stonebridge also challenges the copying expense, arguing that it appears excessive. In evaluating the reasonableness of costs, the Court evaluates whether the cost was associated with a necessity or a convenience. The determination should be made in light of the facts known when the expense was incurred. E.g., Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997). The nature of the case and the amount of time covered by the suit persuades the Court that the costs were reasonable. The case required substantiating the parties' accounting practices over a significant span of time (which involved a lot of documents), and the costs sought are not excessive. The Court grants Trip Mate's Bill of Costs in part and awards Trip Mate costs in the amount of $7,063.80.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 2, 2013                    UNITED STATES DISTRICT COURT

---

and Stonebridge is liable to Trip Mate, this does not mean that Trip Mate had to wait and be sued by Unique before fulfilling its contractual obligations. Making Stonebridge liable for Unique's costs is inconsistent with the Court's judgment in favor of Stonebridge on Unique's claims. This matter is addressed further in the Order addressing the motions to amend the judgment.

Case 4:10-cv-00793-ODS   Document 201   Filed 07/02/13   Page 2 of 2